O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN WADE JOHNSON, *et al.*, | § | |
| (TDCJ-ID NO.660513), | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-804 |
| | § | |
| TEXAS BOARD OF CRIMINAL | § | |
| JUSTICE*, et al.*, | § | |
| Defendants. | § | |

<u>MEMORANDUM AND ORDER ON DISMISSAL</u>

Seven Texas prisoners bring this civil rights suit as a class action under 42 U.S.C. § 1983 complaining of their living conditions.  Six of the seven plaintiffs named in this suit brought essentially the same suit in <u>Johnson v. Texas Board of Criminal Justice</u>, Civil Action No. H-04-CV-370 (S.D. Tex. Sept. 15, 2004). This Court dismissed the complaint in Civil Action No. H-04-CV-370 because it violated Rules 8, 18, and 20 of the Federal Rules of Civil Procedure.  (<u>Id.</u>).  Plaintiffs filed the present complaint in the United States District Court for the Western District of Texas, Austin Division, which dismissed it as malicious.  (Docket Entry No. 3).  Thereafter, plaintiffs filed a  Motion to Alter or Amend Judgment in the Austin District Court, arguing that the complaint was not malicious because they had re-filed the complaint as a class action in an attempt to remedy the problems outlined by this Court in Civil Action No. H-04-CV-370.  (Docket Entry No. 6).  The

District Court in Austin granted plaintiffs' motion, vacated its order of dismissal, and transferred the case to this Court. (Docket Entry No. 7).

This Court has reviewed the present complaint and record, and the complaint and Memorandum and Opinion entered in Civil Action No. H-04-CV-0370. Based on this review, the Court finds that the pending complaint, some sixty pages long, names eleven defendants ranging from the Texas Board of Criminal Justice to a couple of food service managers, and alleges essentially the same multitude of complaints described in Judge Lee Rosenthal's opinion in Civil Action No. H-04-CV-370, including the following similar claims:

> inadequate living space; grossly inadequate ventilation and fire systems, *i.e.*, poor air quality, no carbon monoxide detectors, no fire alarms, and no automated fire detection systems, inoperable or broken smoke removal systems, dirty air supply ducts, stagnant air, dust, mold and fungus; excessive noise levels and conditions which lead to sleep deprivation, *i.e.*, noisy conditions at night; extreme temperature variations in summer and winter months, lack of ventilation, short building schedules allowing only four and one-half hours between rack-up and breakfast call; deprivation of basic sanitation and personal hygiene, *i.e.*, inadequate cleaning supplies and equipment to clean cells, cubicles, and day rooms, no disinfectants, no hand soap to use in cells, inadequate toilet tissue, no hot water in cells, no mirrors in cells, inadequate insect and pest control in food service and housing areas; overcrowded showers, inadequate soap and shampoo, improper and unsanitary food service, improper storage of food, unclean clothing and bedding, improperly laundered towels; inadequate shelter, *i.e.*, leaky roofs, extreme seasonal temperature varia-tions in cells, no ice provided during summer months; deprivation of nutritional adequate diet, *i.e.*, inadequate nutritional value of food, insufficient time

> to eat, service of small portion sizes, and fresh fruit served only twice a year; inadequate dental and medical care and treatment, *i.e.*, no medical personnel on the units from 7:00 p.m. to 3:00 a.m., denial of dentures; punitive legal material storage restrictions, untrained law library staff, denial of personal copies of law books that are available in the law library; punitive religious storage restrictions; punitive telephone access restrictions of one five-minute collect call every ninety days; and an inadequate grievance system.

(Docket Entry No. 1). In sum, Plaintiffs complain about everything associated with prison life from noisy conditions at night to the way that towels are laundered to the portion sizes of their food servings. If Plaintiffs have embedded in these dozens of gripes about prison life any claim that raises a genuine question of federal or constitutional law, it is obscured by the sundry claims that appear frivolous.

The present Complaint therefore suffers from most of the same infirmities described in Judge Rosenthal's Memorandum and Opinion entered September 15, 2004, in Civil Action No. H-04-CV-370, and the opinion of Judge Rosenthal is appropriate here as well:

> By naming multiple defendants and including numerous transactions, the complaint violates Rule 8, Rule 18, and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed). Allowing the proposed complaint would also defeat the clear intent of the Prison Litigation Reform Act (the "PLRA"). *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to

3

circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee), *cert denied*, 534 U.S. 1136 (2002); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

The foregoing defects in Plaintiffs' Complaint are not cured by their attempt to file the complaint as a class action.  A class action must also comply with Rule 8, Rule 18, and Rule 20 of the Federal Rules of Civil Procedure.

Based on the foregoing, Plaintiffs' Complaint is DISMISSED without prejudice.  All pending motions are DENIED.

The Clerk will provide copies to Plaintiffs, to the TDCJ-ID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax: 512-2159.

It is SO ORDERED.

Signed at Houston, Texas, on ____April 28____, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4